FILED
2017 Jan-05 PM 04:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **REBECCA BOWDEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 2:16-CV-1237-VEH |
| **BRIGHT HOUSE NETWORKS, LLC,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Opposed Motion To Stay Proceedings (Doc. 26) (the "Stay Motion"), filed December 15, 2016.[1] Attached to the Stay Motion are several documents, including a memorandum of law, or brief. (Doc. 26-1).[2] Plaintiff filed her opposition (Doc. 27) on December 12, 2016, and Defendant followed with its reply (Doc. 30 as corrected by Doc. 31) on December 20, 2016. Oral argument was held on December 21, 2016. At that hearing, the court directed the parties to file supplemental briefing and stayed this action (by consent

---

[1] This action was filed on July 29, 2016, and randomly assigned to a magistrate judge of this court. On November 9, 2016, the matter was reassigned to the undersigned district judge.

[2] In fact, not counting the Stay Motion or the brief in support of it, the Defendant filed almost 300 pages of attachments to its Stay Motion. *See* Docs. 26-2 through 26-9.

of the parties) pending a substantive decision on the Stay Motion. (Order, Doc. 32). That supplemental briefing was filed yesterday, January 3, 2017. (Docs. 34, 35). This Order is the court's substantive decision on the Stay Motion. The Stay Motion is **DENIED**.

## STANDARD

A court has inherent power to grant or deny a request to stay a proceeding in its discretion. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The power to stay should be exercised based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. C. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). As the Supreme Court has noted, "[a] stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Indiana State Police Pension Trust v. Chrysler LLC,* 556 U.S. 960, 961 (2009) (internal citation and quotation marks omitted)(emphasis supplied). Stated differently, the party seeking a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled

to stand aside while a litigant in another settles the rule of law that will define the rights of both. *Landis*, 299 U.S. at 254-55. The decision whether to grant a stay pending resolution of other litigation requires balancing the competing interests of the parties. *Id.*

## THE PARTIES' ARGUMENTS

Defendant premised its Stay Motion on the D.C. Circuit's anticipated decision in *ACA International v. FCC*, No. 15-1211 (D.C. Cir.) and suggested that it " is likely to be outcome-determinative of this dispute and therefore merits a stay of all pending proceedings, including discovery, until it has been issued." (Doc. 26 at 1).[3] Defendant states that the "requested stay will be brief as *ACA International* is fully briefed and has already been argued before the D.C. Circuit." (*Id.*). Defendant initially argued that the traditional stay factors weighed in its favor: (1) A Stay Poses No Risk of Harm to Plaintiff (Doc. 26-1 at 23-25); (2) [Defendant] BHN Will Suffer Hardship and Inequity if this Action Proceeds Before ACA is Decided (*id*. at 26-28); (3) A Stay Will Promote Judicial Efficiency by Simplifying this Case (id. at 28-29); and (4) A Stay Will Further the Public Interest and the Interests of

---

[3] Unless otherwise noted, all references to page numbers of filings made with this court are to the number(s) assigned by the court's cm/ecf electronic filing system.

Persons Not Parties to this Action (*id*. at 30).[4] Although these are the four primary arguments made in initial support of the Stay Motion, Defendant also asserted that "this Court may lack jurisdiction to address several of [Defendant's] defenses at all prior to a ruling in *ACA*, preventing a meaningful adjudication of [Defendant's] defenses" (Doc. 26-1 at 27). Indeed, Defendant asserted that failure to grant the requested stay would cause Defendant to be "handcuffed from asserting its ATDS defense (and other defenses) under the Hobbs Act, <u>in violation of due process</u>." (Doc. 30 at 5)(emphasis supplied). (*See also id*. at 9) ("Absent a stay, however, [Defendant] could be foreclosed from asserting its ATDS and other defenses altogether under the Hobbs Act, <u>in violation of its due process rights</u>.")(emphasis supplied); (*id*. at 10) ("[Defendant] also seeks a stay to prevent being forced to litigate this action while it is prevented from asserting its substantive defenses by the Hobbs Act <u>in violation of due process</u>.")(emphasis supplied). Indeed, in its supplemental brief (Doc. 35), Defendant devoted an entire section to its argument that a denial of a stay would, under the facts of this case, deprive the Defendant of due process. (*Id*. at 11-12).

    Plaintiff disputed the significance of what the *ACA International* opinion will mean to the merits of this action. And, it appears that the Defendant now concedes

---

[4] *See also* Doc. 26-1 at 9-10.

that ACA International will not necessarily "end this case", as it once contended. *Compare* Doc. 35 at 13 ("[E]ven if the ... decision in *ACA* does not lead to an immediate dismissal of this case, it will clarify the appropriate scope of discovery and other proceedings in this case.") *with* Doc. 26-1 at 28 ("As explained herein, the D.C. Circuit's final interpretation of the TCPA could 'be outcome-determinative of this case.'")

## ANALYSIS

Having carefully considered all the arguments of the parties, the court finds that a stay is not appropriate in this case. The Defendant has failed to meet its burden to show that the harm to it from the litigation's proceeding outweighs the Plaintiff's (and the public's) right to a prompt resolution of this matter. I will not speculate as to whether the named Plaintiff's claims (in this putative class action) would be resolved by whatever decision the D.C. Circuit reaches in the *ACA* case. The Defendant has not helped itself by hyperbole such as claiming that this court lacks jurisdiction over this matter because of the *ACA* case, or that a denial of a stay is a denial of due process. Further, it appears to me that a stay pending the decision of another court necessarily is "indeterminate", and therefore I cannot determine that it is "not immoderate," just as I cannot say whether or not the ACA decision will be appealed to the United States Supreme Court. "When a district court

exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court <u>must</u> limit properly the scope of the stay[, which] <u>must</u> not be immoderate." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir.2000) (internal quotes omitted)(emphasis supplied).[5]

## CONCLUSION

For the reasons set out above, the court finds that the Stay Motion is due to be, and hereby is, **DENIED**. Accordingly, the stay previously entered in this action is hereby **LIFTED**.

**DONE** and **ORDERED** this the 5th day of January, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[5]To the extent that the Defendant believes that discovery should be limited at this time to the <u>facts relevant to the named Plaintiff's claims</u> in this putative class action, the court will consider a motion to that effect, provided that the parties first confer as required under my Uniform Initial Order.